# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrea Nelsen, | Civ. No. 18-3174 (ECT/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Mayo Clinic, | |
| Defendant. | |

Adrianna Shannon, Esq., and Bonnie M. Smith, Esq., Shannon Law, LLC, counsel for Plaintiff.

George R. Wood, Esq., and Jessica J. Bradley, Esq., Littler Mendelson, PC, counsel for Defendant.

This matter is before the Court on Plaintiff's Motion to Amend to Add Punitive Damages (Doc. No. 30); Plaintiff's Motion to Quash Subpoena of Lawrence Nelsen or Alternatively for a Protective Order (Doc. No. 32); and Plaintiff's Motion for a Protective Order regarding the Rule 35 examination (Doc. No. 34). The Court held a hearing on the motions on September 25, 2019, at which the parties were represented by counsel. Based on the file, submissions, and proceedings herein, and consistent with the applicable Federal Rules of Civil Procedure and a review of caselaw, the Court makes the following ruling.

**ORDER**

**IT IS HEREBY ORDERED** that:

1. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff's Motion to Amend to Add Punitive Damages (Doc. No. 30) is **GRANTED IN PART** and **DENIED IN PART**. The motion is denied with respect to Plaintiff's promissory estoppel claim because Plaintiff's promissory estoppel claim sounds in contract and Plaintiff has not alleged an independent tort. *See Deli v. University of Minnesota*, 578 N.W.2d 779, 782–83 (Minn. Ct. App. 1998) (stating that "a promissory estoppel claim sounds in contract," and that "[i]n the absence of specific statutory provisions, extra-contractual damages, such as emotional distress, are not recoverable for breach of contract except in exceptional cases where the breach is accompanied by an independent tort"); *see also Cohen v. Cowles Media Co.*, 479 N.W.2d 387, 392 (Minn. 1992) (affirming compensatory damages for defendants' broken promise under a promissory estoppel theory); *Wandling v. Transview Corp.*, No. C2-01-127, 2001 WL 1182346, at *3 (Minn. Ct. App. Oct. 9, 2001) ("Damages in promissory estoppel claims are limited to the damages available in breach of contract actions."). Plaintiff's motion is granted with respect to all of Plaintiff's other eligible claims.

Defendant's request to re-open Plaintiff's deposition is **DENIED**.

2. Plaintiff's Motion to Quash Subpoena of Lawrence Nelsen or Alternatively for a Protective Order (Doc. No. 32) is **GRANTED**. Even though Plaintiff listed Lawrence Nelsen in her initial disclosures as an individual likely to have discoverable information that Plaintiff may use to support her claims, the narrow topic on which

Lawrence Nelsen was identified was for "communications he and Plaintiff had regarding Mayo." (Doc. Nos. 38, 42, Declaration of Bonnie Smith ("Smith Decl.") ¶ 2.j., Ex. 10.) The subpoena for Lawrence Nelsen's deposition identifies topics well outside that scope. (Doc. No. 38, Smith Decl. ¶ 2.d., Ex. 4.) Moreover, the Court concludes that Defendant can obtain the information sought through other, less intrusive means, and therefore the information sought through Lawrence Nelsen's deposition is not proportional to the needs of the case.

      3.      Plaintiff's Motion for a Protective Order regarding the Rule 35 examination (Doc. No. 34) is **GRANTED IN PART** and **DENIED IN PART** as follows:

          a. Plaintiff's request that the Rule 35 examination be limited to obtaining information reasonably relevant to whether Plaintiff "suffered emotional damages as the result of Defendant's actions" is **DENIED** as written. Instead, the Court limits the scope of the Rule 35 examination to information that may reasonably relate to the issues of causation and the existence and extent of Plaintiff's emotional distress. Any potential pre-existing causes of Plaintiff's current, or past, emotional distress are relevant to Defendant's determination of the extent of Plaintiff's alleged damages.

          b. Plaintiff's request that the Rule 35 examination not include inquiries or testing into Plaintiff's personality, fitness to practice medicine, or undiagnosed mental disorders is **GRANTED IN PART** and **DENIED IN PART**. The Rule 35 examination should not include direct inquiry into whether Plaintiff is fit to practice medicine, as that information has minimal relevance to evaluating

3

Plaintiff's emotional distress claim, unless it becomes relevant to the examiner for exploring Plaintiff's current emotional state. The Court will not otherwise limit the inquiries or testing performed by the IME examiner, but will leave it to the discretion of the examiner to perform only those inquiries and tests necessary to evaluate Plaintiff's emotional distress and its causation.

      c.   Plaintiff's request that the Rule 35 examination take place at a time and place in Minneapolis as agreed upon between the parties is **GRANTED**.

      d.  Plaintiff's request that the Rule 35 examination be conducted by a suitably licensed or certified examiner disclosed at least 30 days in advance of the examination by Defendant is **GRANTED**. The Court finds that Dr. Barbara Long is suitably licensed to perform the Rule 35 examination and Defendant has already met the notice requirement.

      e.  Plaintiff's request that the Rule 35 examination may, at Plaintiff's discretion, be audio- or video-recorded by a qualified court reporter that Plaintiff selects is **DENIED**.

      f.  Plaintiff's request that the Rule 35 examination be completed in a single day of no more than three hours is **DENIED**. However, the Court orders that the total length of the examination must not exceed ten hours (with reasonable breaks included in the ten hours), and that the examination may be broken up into two days.

      g.  Plaintiff's request that the examiner's report be provided only to

Plaintiff and counsel for the parties, and be designated and treated as Confidential, Attorneys' Eyes Only until further order of this Court or mutual written agreement of the parties, is **GRANTED**.

    4.    Defendant's request for fees and costs is **DENIED**.

Date: September 27, 2019

    *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge